### ESTATE OF ELIZABETH D. TRAYLOR, DECEASED.

[No. 4,705;  decided January 11, 1887.]

Claim for Counsel Fees—Jury Trial.—A claim of an attorney for fees for services rendered an estate is an expense of administration, and is not a proper matter for trial by jury. But the claim of an attorney for fees for services rendered to a decedent during his lifetime differs materially from a claim for services rendered to the estate.

Claim.—The Allowance of a Claim Against Decedent prima facie establishes its correctness and validity, and shifts the onus of proving its incorrectness or invalidity upon the party contesting the same.

Claim—Jury Trial.—The Allowance of a Claim does not interfere with the question of the right to a trial by jury.    .

Account—Jury Trial.—An Account, as Such, is a Matter to be Settled by the Court without a jury.

A Claim Arising During the Lifetime of the Decedent is a matter which may be segregated from the account of the executors.

Claim.—The Parties are Entitled to a Jury on the Trial of a contest which arose during the lifetime of the deceased, and at the trial the claim alone should be submitted, and not as part of an account in which it is set forth.

Elizabeth D. Traylor died in San Francisco, a resident thereof and leaving estate therein, on the twenty-first day of October, 1885.

She left a last will and testament bearing date July 20, 1885, and a codicil thereto dated September 30, 1885.

George W. Prescott, P. N. Lilienthal and Robert Harrison were named therein as executors.

Upon petition filed on October 28, 1885, the will and codicil were admitted to probate, and the persons named appointed executors thereof, and letters testamentary issued to them on November 10, 1885.

On November 20, 1885, George W. Prescott resigned his trust as executor, and the two remaining executors continued to act as such.

Robert Harrison, one of the executors, presented to Hon. J. V. Coffey, judge of the probate department of the superior court, in the first instance pursuant to section 1510, Code of Civil Procedure, for allowance, a claim against the estate for the sum of $8,250, for professional services rendered decedent in her lifetime, which claim was allowed by the judge on March 5, 1886, for $7,250. The claim was also presented to the other executor and the Judge, under section 1496, Code of Civil Procedure, and by them allowed and approved for said sum on said day.

On May 14, 1886, the executors filed an exhibit, pursuant to section 1622, Code of Civil Procedure. The exhibit contained a statement of the expenses of administration, in which was an item "Retaining fee of Swift and Harrison, as counsel for estate and executors, $1,000." It further contained a statement of claims presented against the estate and allowed, among which was the "claim of Robert Harrison, for professional services as attorney and counselor, rendered Elizabeth D. Traylor, in her lifetime, allowed for $7,250."

On May 18, 1886, Elizabeth H. Siddall, claiming to be sole heir of decedent, filed a contest, on various grounds, to various items in the exhibit, among them the two above mentioned, and, as to those two, separately demanded a jury trial to determine the merits of the claims: and, as to the latter, also asked that proper pleadings be framed for that purpose by the respective parties.

On September 29, 1886, the executors filed their first annual account, which contained the above-mentioned items.

By subsequent amendment, however, the names of Swift and Harrison were stricken out from the first item, and that of John F. Swift inserted in place thereof.

On October 8, 1886, said Elizabeth H. Siddal filed her contest to the same items in said account, and also made a similar demand for jury trials.

The motions for jury trials were argued and submitted to the court on November 10, 1886, and on January 11, 1887, the motion as to the claim of John F. Swift was denied, and the one as to the claim of Robert Harrison granted. Subsequently, the latter claim was transferred to department No. 1 for trial.

D. W. Douthitt, for motions; also, with him, J. C. Bates.

W. W. Cope, opposed, for executors.

Robert Harrison, also opposed, for executors.

Selden S. Wright, also opposed, for certain heirs.

COFFEY, J. With reference to the motion to refer claims to jury: I have come to the conclusion in regard to the claims of John F. Swift, for counsel fees, for services rendered to the estate, being a claim for legal services incurred during the administration, which is an expense of administration, it is not a proper matter for trial by jury. Motion denied. As to the claim of Robert Harrison, for legal services rendered in the lifetime of deceased: This differs materially from Mr. Swift's claim. It is a matter which may be segregated from the account, so if it be submitted to a jury it should be submitted alone and not as part of the account. The account is a matter to be settled by the court without a jury, that is, the account as an account. This claim of Mr. Harrison, although it is allowed by the court and prima facie established by reason of the approval of the court, that is only a shifting of the onus, that does not interfere with the question of the right to a trial by jury.

The decision of the court is, that the motion for a jury trial as to that claim be and it is granted. Exception.